GOKCE T. YUREKLI
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Tel: (202) 598-0581
Fax: (202) 514-6866
Gokce.T.Yurekli@usdoj.gov
*Attorney for the United States of America*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | ) Judge Christine M. Gravelle |
| | ) |
| SANDRA CASTILLO, | ) Case No. 22-14788-MBK |
| | ) Chapter 13 |
| Debtor. | ) |
| | ) |
| | ) Hearing: March 22, 2023 |

## UNITED STATES' RESPONSE TO DEBTOR'S OBJECTION TO CLAIM

The United States, on behalf of its agency, the Internal Revenue Service, responds to the Debtor's Objection to IRS's Proof of Claim (Doc. 70) as follows:

1. The IRS filed a proof of claim listing a total claim of $12,182.32. (Claims Reg. 3-4). This proof of claim consists of claims for income taxes for 2017 through 2021 tax years. (*Id*.)

2. The Debtor has objected to the claims for income taxes for 2017, 2018, 2020, and 2021.[1] The Debtor argues the IRS's assessments do not match what she reported on her tax returns. Merely disagreeing with the IRS's tax assessments and providing copies of tax returns does not overcome the presumption that tax assessments are correct. Accordingly, the Debtor's objection should be denied.

---

[1] The Debtor also objected to claim for income taxes for 2016. The IRS has not filed a claim for tax year 2016 in its proof of claim, making any ruling as to that year an impermissible advisory opinion.

## ARGUMENT

3.  A proof of claim is entitled to a presumption of correctness as to its validity and amount. Fed. R. Civ. P. 3001(f). Further, tax assessments by the IRS are "entitled a presumption of correctness" as to their tax assessments, and "the burden of production as well as the ultimate burden of persuasion is placed on the taxpayer." *Anastasato v. Comm'r*, 794 F.2d 884, 887 (3d Cir. 1986); *United States v. Fior D'Italia, Inc.*, 532 U.S. 238, 242 (2002). This presumption applies in bankruptcy. *Raleigh v. Illinois Dep't of Rev.*, 530 U.S. 15, 20-21 (2000) (burden of proof imposed by state tax law remains on taxpayer, notwithstanding bankruptcy proceedings).

4.  A debtor can only overcome the presumption that tax assessments are correct by offering "competent and relevant credible evidence" that demonstrates the IRS's determination is erroneous. *Sullivan v. United States*, 618 F.2d 1001, 1008 (3d Cir. 1980). Federal tax returns, being nothing more than the taxpayer's own statements, cannot meet that burden. *In re Kelly*, No. 18-60514, 2021 WL 5917979, at *7 (Bankr. N.D.N.Y. Dec. 14, 2021) ("The tax returns themselves are statements of the taxpayer's claims, but they are not considered evidence of the claims themselves.") (citations and quotations omitted); *see In re Casini*, No. 05-56819, 2008 WL 2276008, at *2 (Bankr. D.N.J. June 2, 2008) (debtor's testimony is insufficient evidence to overcome assessment).

5.  The Debtor only submits her own tax returns. As these are insufficient to meet her burdens, her objection should be denied.

6.  For tax year 2017, the IRS assessed the income tax liability even though the Debtor did not file a return. The IRS made this assessment assuming the Debtor had a single taxpayer filing status and gave her the standard deduction. Her attorney alleges[2] that the Debtor

---

[2] In support of the objection, the Debtor filed counsel's certification, promising the Debtor would file her own certification in the future. (Doc. 70-1, ¶ 1-2.). No certification has been filed.

filed a tax return on February 3, 2023. The attached return was largely illegible but claimed head-of-household status. (Doc. 70-3.). This recently submitted return is insufficient to overcome the presumption of correctness. The Court should require the Debtor to submit evidence showing the different filing status and potentially lower taxable income are appropriate.[3]

7. For tax years 2018 and 2020, the IRS made adjustment to the proof of claim that are generally consistent with the relief the Debtor seeks, rendering her objection to these claims moot.

8. For tax year 2021, the IRS adjusted the Debtor's return because the Debtor claimed the $1,400 recovery rebate credit on her return but had already received the credit for that year. (Doc. 70-3, at 6, Line 30 of Form 1040). She cannot claim this credit twice. The IRS mailed her a notice explaining this adjustment. The Debtor had sixty days to challenge the notice, but she did not do so. If an evidentiary hearing is required with respect to this tax year, the United States asks the Court to allow parties time to conduct discovery.

9. In short, the assessments by the IRS for the 2017, 2018, 2020, and 2021 tax years are entitled to a presumption of correctness. The Debtor's tax returns, without nothing more, can cannot overcome that presumption.

10. Therefore, the Debtor's objection should be overruled, and the IRS proof of claim allowed in full.

WHEREFORE, the United States respectfully requests that the Court overrule Debtor's objection.

//

---

[3] The IRS may decide administratively to accept the return and reduce the tax liability. *See generally*, 26 U.S.C. § 6201(a)(1). Whether the IRS chooses to agree and reduce the liability based on the return, however, does not overcome the Debtor's obligation to submit the evidence to meet her burden of proof.

DATE: March 15, 2023

DAVID A. HUBBERT
Deputy Assistant Attorney General

 */s/ Gokce T. Yurekli*
GOKCE T. YUREKLI
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Tel: (202) 598-0581
Fax: (202) 514-6866
Gokce.T.Yurekli@usdoj.gov
*Attorney for the United States of America*

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on March 7, 2023, I filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties appearing in said system.

/s/ *Gokce T. Yurekli*
GOKCE T. YUREKLI
Trial Attorney, Tax Division
U.S. Department of Justice